Shauck, J.
The plaintiff in error brought suit in the court of common pleas against the defendants in error upon a promissory note for $750.00, executed by them to one E. S. Clark or bearer, dated June 17, 1885, and payable October 1st, ,1886, alleging that on the 16th day of July, 1885, it was indorsed and delivered to him by the payee, and he was the holder and owner thereof.
The answer admits the execution of the note, but alleges that it was given for “ Red Line ” wheat, and that familiar scheme is set out m the answer. The defendants further say “ that plaintiff is not the holder of the note for a valuable consideration, and did not take it in the usual course of trade without knowledge of the consideration or want of consideration for which the same was given. * * * The said plaintiff purchased said note for an inadequate consideration, and with knowledge that said Clark was engaged in taking notes from farmers under the circumstances set forth, and that at that time he had no other occupation, and that the plaintiff knew that said note was made on the transaction stated, and on no other consideration.”
*66 The plaintiff, by reply, denies all the allegations of the answer, and avers that “ he purchased the note in the usual course of trade before maturity, in good faith, without any knowledge or suspicion of any of the facts averred in said answer, or of any infirmity in said note, and paid therefor the full value of the same as a good and valid note.”
It is not asserted on behalf of the plaintiff, that this note was valid as between the original parties ; nor, on the other hand, is it denied that a recovery may be had thereon by a bona fide holder. Whether the plaintiff is such holder or not, is the general question presented by the record.
The first error complained of, is in improperly sustaining a challenge for cause to a regular juror. We do not deem it necessary to determine whether this challenge was properly sustained, or not. The plaintiff’s right was to have his cause submitted to a competent jury. It was not material that this particular juror should sit, and his place was filled by one whose legal qualifications have not been questioned.
A further complaint is that while at the proper time the plaintiff claimed the right to open and close the case, his claim was not allowed by the trial judge, but that right was given to the defendants. Section 5190, which prescribes the mode of conducting trials, provides that “ the party who would be defeated if no evidence were offered on either side, must first produce his evidence; ” and this order is to be observed in all cases, “ unless the court, for special reasons, otherwise direct.” If, under the general rule prescribed by this section, the plaintiff was entitled to open and close the case, we must presume in aid of the judgment, that there were special reasons which justified the court in directing that a different order should be pursued. That presumption is not inconsistent with the record. Dille v. Lovell, 27 Ohio St. 415.
Upon the trial of the issue stated, the defendants were permitted to prove that the plaintiff was a regular subscriber to the Champaign County Democrat, and thereupon, against plaintiff’s objection, to introduce a copy of the issue of that *67 paper of December .24, 1885, containing a communication exposing the “Bohemian oats” scheme, and portraying the consequences to which it would lead, and suggesting incidentally that to these must be added the consequences to result from buying “ Red Line ” wheat at fifteen dollars a bushel.
This was upon cross-examination of the plaintiff, who, in his direct examination, had testified that he had no knowledge of these schemes until some time after he purchased the note sued on, when he saw newspaper items concerning them. The substantial testimony of the plaintiff in his own behalf, was, that at the time of the purchase of this note, he had no knowledge of these fraudulent schemes. The form in which this fact was stated, did not justify the introduction of the article in question. It was undisputed that the plaintiff had purchased the note in July, 1885, and no evidence to show notice given him in the following December, could be relevant, even if its competency in other respects were admitted.
Indeed, this evidence was so plainly incompetent, that consideration is due to the suggestion that the jury may have disregarded it, and that the error in its admission was not prejudicial. “If the whole testimony, in such case be placed on the record, and it appear to the reviewing court that the rejection of the incompetent testimony could not have changed the result of the trial, the error can not be considered as prejudicial to the party excepting.” Thayer v. Lace et al., 22 Ohio St. 62.
■ The evidence in this case is all before us, and it is insisted that the motion for a new trial ought to have been sustained upon the ground that the verdict was against the manifest weight of the evidence.- The plaintiff’s good faith in making the purchase, is supported as strongly as possible by his own testimony. It is supported by the fact that before concluding the purchase of this and other notes offered at the same time, he came to Springfield from his home in Champaign county, aud made inquiry at the banks where the notes were payable, concerning the solvency of the several *68 makers, thus putting himself in the way of information touching the consideration for which they were given.
Geo. Arthur and Bowman & Bowman, for plaintiff.

Keifer & Keifer, contra.

Opposed to the good faith of the plaintiff, are the circumstances that he bought the note from a stranger, and that he paid but eighty-seven and one half per cent, of the face of the-note, and the testimony of one Leonhard, who in a deposition testifies, that in the latter part of December, 1885, the plaintiff told him he had been buying Bohemian oats notes down in Clark county, and that on the 1st of December, 1887, at a trial before a justice of the peace, in which they were adverse parties, the plaintiff told him they were not Bohemian oats notes, but “Red Line” wheat notes; also the deposition of one Crabill, who testifies that about the first of March, 1886, the plaintiff told him he had been asked to buy some notes, but that if they were Bohemian oats notes he would not buy them, as he already had about four thousand dollars in such notes. These depositions were admitted without objection. Passing obvious'questions as to the credibility of some of these statements, it is manifest that none of them show that the plaintiff, at the time of his purchase, had knowledge of any infirmity in this note, even if it be assumed that it was one of the notes of which he spoke. Indeed the conversation of December, 1887, was after the answer in this case had informed him of the consideration for which it had been executed. The depositions do not show any direct or implied admission by the plaintiff, that at the time of the purchase of the note he had knowledge of its consideration.
The verdict was against the manifest weight of the evidence, and it may have resulted from the admission of the incompetent evidence.
The judgment will be reversed for error in the admission of evidence and in overruling the motion for a new trial, and the cause will be remanded to the court of common pleas for further proceedings.